NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3063

MICHAEL P. RIVOIRE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Michael P. Rivoire, of Ham Lake, Minnesota, pro se.

Michelle A. Windmueller, Attorney Appellate Division, United States Postal Service, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Commerical Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, and Lori J. Dym, Chief Counsel, Appellant Division, United States Postal Service, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3063

MICHAEL P. RIVOIRE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

———————————————

DECIDED: July 16, 2007

———————————————

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Michael P. Rivoire ("Rivoire") seeks review of a final decision of the Merit Systems Protection Board ("Board"), sustaining the decision of the United States Postal Service ("USPS" or "agency") to remove him from his position based on charges of (1) engaging in outside employment while in sick leave status, and (2) unauthorized absence from his work location. Rivoire v. USPS, No. CH0752060080-I-1 (M.S.P.B. Oct. 10, 2006) ("Final Decision"). We affirm.

Under 5 U.S.C. § 7703(c), "[o]ur scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been

followed; or unsupported by substantial evidence." Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. DVA, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

On the first charge, it is undisputed that Rivoire worked a part-time shift at his second job with the Transportation Security Administration ("TSA") without prior approval on multiple days in which he also took sick leave from the USPS. In his petition for review in this court, Rivoire argues that because his hours at TSA did not overlap with his scheduled USPS hours, he was not "in" sick leave status. We disagree.

Section 513.312 of the USPS's Employee and Labor Relations Manual ("ELM") provides that "[a]n employee who is in sick leave status may not engage in any gainful employment unless prior approval has been granted by appropriate authority." The USPS has interpreted this regulation as prohibiting outside employment during any day for which an employee has taken sick leave unless the USPS grants such permission. See Gray v. USPS, 97 M.S.P.R. 617, 620-21 (2004) (sustaining agency's removal decision where "[the employee's] hours at his second job did not overlap with his tour of duty at the agency" because he "was required to obtain prior approval before working at his second job for the three dates [at issue]"), aff'd, No. 05-3074, 2005 WL 1368093 (Fed. Cir. June 9, 2005). Because ELM § 513.312 is one of the USPS's own regulations, see 39 C.F.R. § 211.2(a)(2), and because the USPS's interpretation is neither plainly erroneous nor inconsistent with the regulation, we defer to its intepretation. Cathedral Candle Co. v. U.S. Int'l Trade Comm'n, 400 F.3d 1352, 1363-64 (Fed. Cir. 2005) ("[I]t is well settled that an agency's interpretation of its own regulations is entitled to broad deference from the courts. . . . Thus, as the Supreme

Court has explained, the agency's construction of its own regulations is 'of controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" (quoting <u>Bowles v. Seminole Rock & Sand Co.</u>, 325 U.S. 410, 414 (1945)). As for Rivoire's reliance on <u>Dumont v. Veterans Administration</u>, 6 M.S.P.R. 284 (1981), the Board correctly noted that such reliance is misplaced. <u>See</u> <u>Final Decision</u>, slip op. at 6 n.4. <u>Dumont</u> addressed a different agency's interpretation of a different provision with different language.

As to the second charge, we find substantial evidence to support the Board's determination regarding Rivoire's unauthorized absences from his worksite, including Rivoire's own admissions. For that reason, and because it is undisputed that Rivoire violated ELM § 513.312 as interpreted by the USPS, we affirm the Board's final decision.

COSTS

No costs.