# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JONATHAN P. HOWARD,

          Appellant,

      v.

DEPARTMENT OF THE INTERIOR,

          Agency.

DOCKET NUMBER
DE-1221-14-0009-W-1

DATE: November 7, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jonathan P. Howard, Byron, Georgia, pro se.

Nanette Gonzales, Esquire, Lakewood, Colorado, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision which denied his request for corrective action in connection with his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      Effective April 19, 2013, the agency terminated the appellant during probation from his WG-11 Electrician position at Grand Teton National Park based on performance issues, specifically, his failure to timely complete certain assigned tasks. Initial Appeal File (IAF), Tab 4 at 67-70, 65. He filed a complaint with the Office of Special Counsel (OSC) in which he alleged that the agency's action was taken because of disclosures made to various officials and to his Congresswoman that the agency violated its own housing regulations and policy, evidencing gross mismanagement and an abuse of authority. *Id.*, Tab 1 at 12-30. The appellant complained that the agency had summarily refused to consider his bid for a more financially feasible and child friendly living quarters option when it became available.[2] He also claimed that his wife had filed complaints of sexual harassment against a park employee. *Id.* at 15. After OSC terminated its inquiry into the appellant's complaint, he filed an IRA appeal with the Board, *id.* at 1-6, and requested a hearing, *id.* at 1. In response to the appeal,

---

[2] Because of the remoteness of the Park, the appellant was required to live on site at the location, renting his living quarters from the agency.

the agency acknowledged that the appellant had exhausted his remedy before OSC but urged that the appeal be dismissed, in part because it was the appellant's wife, not the appellant, who wrote to their Congresswoman.  *Id.*, Tab 4.  The appellant challenged the agency's motion.  *Id.*, Tab 6.  On the basis of the written record, the administrative judge determined that the appellant had made sufficient allegations to establish the Board's jurisdiction over the appeal.  *Id.*, Tab 10.

¶3    The appellant subsequently withdrew his request for a hearing, *id.*, Tab 14, after which the administrative judge set a date for the close of the record, *id.*, Tab 15.  The parties made additional submissions.  *Id.*, Tabs 16-17, 19-21.  Thereafter, the administrative judge issued an initial decision in which he denied the appellant's request for corrective action.  *Id.*, Tab 24, Initial Decision (ID) at 1, 17.  The administrative judge found that the appellant exhausted his remedy before OSC, ID at 6, and that he made or was perceived to have made a protected disclosure or was associated with his wife's protected disclosure, ID at 6-10.  In this regard, and based on Board precedent,[3] the administrative judge found no impediment to the appellant's raising a claim that the agency terminated him, in whole or in part, because of his wife's protected activity.  ID at 7.  The administrative judge then found that the appellant's wife made protected disclosures on June 25, June 26, and June 27, 2012, when she told the Housing Coordinator, a Supervisory Facility Management Specialist, and the Deputy Superintendent, respectively, that she reasonably believed the agency was violating its bidding rules.[4]  ID at 7-8.  The administrative judge further found that the appellant made a protected disclosure on March 21, 2013, when he brought up the housing policy problem in a meeting with the union and the

[3] *Di Pompo v. Department of Veterans Affairs*, 62 M.S.P.R. 44, 48 (1994) (an individual who is the victim of reprisal because of protected disclosures made by a third party is protected).

[4] The agency admitted that, according to its written policy included with the bid documents, the appellant was eligible to bid, and that it had erred in not accepting the bid.  IAF, Tab 4 at 55.

Supervisory Facility Operations Specialist and that the appellant's wife made a protected disclosure on March 29, 2013, when she sent her Congresswoman a letter about the issue. ID at 9. The administrative judge briefly addressed other alleged protected disclosures that the appellant mentioned in his OSC complaint, but, because he did not develop them in his IRA appeal, the administrative judge concluded that the appellant failed to establish that he made those protected disclosures. ID at 9-10. The administrative judge then found, based on the acting official's knowledge of the disclosures and the timing of the personnel action, that the appellant demonstrated that his wife's three disclosures in June 2012 were a contributing factor in his termination.[5] ID at 10-11. The administrative judge concluded, however, that the agency showed by clear and convincing evidence that it would have terminated the appellant, even absent the protected disclosures. ID at 12-17.

¶4 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1; the agency has filed a response, *id.*, Tab 3; and the appellant has replied to that response, *id.*, Tab 4.

¶5 On review, the appellant argues, as to two of the protected disclosures that the administrative judge found he failed to establish, that he now has documents that prove his claim as to those disclosures. PFR File, Tab 1 at 5-6. The first document is a single undated, untitled page he describes as "Intermountain Regional Find," and he refers specifically to "Finding #4." *Id.* at 19. There the agency appears to have considered, but rejected, the appellant's claim regarding what he perceived to be an unsafe feature of the home from which he sought to move. The appellant has not shown that this document or the information contained therein was previously unavailable before the record closed below, despite his due diligence, and therefore we will not consider it. *Grassell v.*

---

[5] The administrative judge found that the appellant did not establish that either his or his wife's disclosures in March 2013 were contributing factors to his termination. ID at 11-12.

*Department of Transportation,* 40 M.S.P.R. 554, 564 (1989); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The second document is a four-paged undated request for the appellant's transfer in which he appears to disclose concerns about safety issues. PFR File, Tab 1 at 13-16. According to the appellant, his union representative provided this document to the agency on August 28, 2012. *Id.* at 4. The appellant asserts that he located this document on his computer after his termination. *Id.* at 4. Notwithstanding, the evidence is not new. *Grassell*, 40 M.S.P.R. at 564 (to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). In addition, the appellant asserts that he requested the document in discovery but that the agency did not provide it. IAF, Tab 1 at 4-5. However the record does not reflect that the appellant brought any discovery issues to the attention of the administrative judge, and his failure to do so then precludes his presenting this document as new and material on petition for review. *Rivoire v. U.S. Postal Service*, 103 M.S.P.R. 643, ¶ 5 (2006), *aff'd*, 244 F. App'x 351 (Fed. Cir. 2007). Moreover, neither of these documents is material. They are not of sufficient weight to warrant an outcome different from that of the initial decision because the dispositive issue in this appeal, as found by the administrative judge, is whether the agency proved by clear and convincing evidence that it would have terminated the appellant, even absent the protected disclosures found by the administrative judge to be attributed to him. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶6        The appellant has also submitted an undated, unsigned document that he states his wife submitted to law enforcement on August 1, 2012 to complain of sexual harassment by an allegedly violent employee. PFR File, Tab 1 at 11-12. For the reasons set forth above, this document is also neither new nor material. *Rivoire*, 103 M.S.P.R. 643, ¶ 5; *Grassell*, 40 M.S.P.R. at 564; *Avansino*, 3 M.S.P.R. at 241. The appellant has also submitted a May 28, 2014 news article

about that same employee's subsequent arrest. PFR File, Tab 1 at 17-18. This document is new as it was, in fact, unavailable before the record closed below on February 27, 2014, but it is not material because, as noted above, the issue in this case is whether the agency showed by clear and convincing evidence that the agency would have terminated the appellant, even absent the protected disclosures the administrative judge found were attributed to him. *Russo*, 3 M.S.P.R. at 349.

¶7    The last of the documents the appellant has submitted on review is a memorandum dated December 12, 2012, from his supervisor regarding matters related to the merits of the termination. PFR File, Tab 1 at 20-21. The appellant asserts that this document is fabricated. *Id.* at 5. However, he also acknowledges that he received it during discovery. *Id.* His failure to have submitted the document into the record below precludes it from being considered as new evidence now, and therefore we will not consider it. *Avansino*, 3 M.S.P.R. at 214. Moreover, the appellant has failed to show why this document is material to the dispositive issue of this appeal. 5 C.F.R. § 1209.2(c); *see Russo*, 3 M.S.P.R. at 349.

¶8    The appellant argues on review that his case would have benefitted if he had testified and the administrative judge had the opportunity to observe the witnesses. PFR File, Tab 1 at 4. As noted, the appellant originally requested a hearing, IAF, Tab 1 at 1, but his attorney[6] subsequently notified the administrative judge of the withdrawal of the request. *Id.*, Tab 14. To the extent the appellant now alleges that his attorney misled or misinformed him as to the implications of that decision, it is well established that an appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

---

[6] Represented by counsel below, the appellant appears pro se on petition for review.

¶9        The appellant disputes the administrative judge's finding that the agency proved by clear and convincing evidence that the agency would have terminated him even absent the protected disclosures that were attributed to him.  PFR File, Tab 1 at 6.  In reaching this finding, the administrative judge addressed the appropriate factors as set forth by our reviewing court in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and considered all of the pertinent evidence in the record in the aggregate, *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).  Addressing the first *Carr* factor, the administrative judge found that the agency's evidence in support of the termination was strong, specifically, the fact that the official who authored the termination letter was notified in the fall of 2012 by two individuals with significant experience in supervising electricians that the appellant was having performance problems.  ID at 13.  The administrative judge found that the author of the termination letter was credible when he denied having any animosity towards or bias against the appellant, notwithstanding that he received the appellant's wife's disclosure regarding the agency's alleged violation of the house-bidding policy.  ID at 13-14.  In this regard, the administrative judge found that the appellant's wife acknowledged that, despite her complaint, the author of the termination letter was respectful towards her.  The administrative judge further found that the proposing official's reasons for initiating the termination action through the individual who authored the termination letter were also strong inasmuch as the proposing official's reasons were consistent with and supported by other evidence in the record.  ID at 14.

¶10       On review, the appellant challenges the administrative judge's credibility findings.  Although this case was decided on the written record, the Board has approved adapting to such cases the principles for resolving credibility issues.  *Goode v. Defense Logistics Agency*, 45 M.S.P.R. 671, 674 n.2 (1990).  In reaching his credibility findings, the administrative judge applied the appropriate factors set forth by the Board in *Hillen v. Department of the Army*, 35 M.S.P.R.

453, 458 (1987). Notwithstanding the appellant's disagreement, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶11    Addressing the second *Carr* factor, the administrative judge considered all the pertinent evidence of record that related to each of the agency officials who had any involvement in the appellant's termination, but found that any retaliatory motive was slight, at best. ID at 15-16. And, in addressing the third *Carr* factor, the administrative judge considered evidence that the deciding official had terminated one other employee during probation for misconduct reasons, an employee who was not a whistleblower, but he afforded such evidence only limited weight, given that the appellant was removed for performance reasons, not misconduct. Weighing all three factors, and considering all evidence that reasonably detracts from the agency's claims, the administrative judge concluded that the agency proved by clear and convincing evidence that it would have terminated the appellant, even absent his protected activity. ID at 16. The appellant's mere disagreement with the administrative judge's findings does not provide a basis for the Board's review. *Crosby*, 74 M.S.P.R. at 105-06.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board

appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.