**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JEWEL A. GRAYE,<br>      Appellant, | DOCKET NUMBER<br>DC-0752-15-0591-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>      Agency. | DATE: October 21, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jewel A. Graye, Washington, D.C., pro se.

Byron D. Smalley, Esquire, and Craig A. Corliss, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her 15-day suspension.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the analysis of the appellant's evidence of reprisal for filing complaints of discrimination, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is employed by the agency as a GS-14 Information Technology Specialist. Initial Appeal File (IAF), Tab 5 at 10. Effective March 16, 2015, she was suspended for 15 days based on two charges: insubordination and failure to conscientiously perform assigned duties. *Id*. On appeal, the administrative judge sustained the charges, found that the appellant failed to prove her claim of reprisal for filing complaints of discrimination, and affirmed the suspension. IAF, Tab 32, Initial Decision (ID) at 11-22.

¶3      The appellant has filed a petition for review of the initial decision, the agency has filed a response, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 3, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to provide a basis for reversing the administrative judge's findings of fact.

¶4      On review, the appellant argues that the administrative judge erred when she found that the appellant was notified of her need to attend an October 2014

MicroPact meeting shortly prior to its start. PFR File, Tab 3 at 8. The appellant contends that, because her supervisor sent her the email notification from Texas at 10:37 a.m. local time (Central), she did not receive it in Maryland until 11:37 a.m. local time (Eastern), since the two locations are in different time zones. *Id*. at 8-9. Assuming arguendo that the appellant is correct, the administrative judge also found that the appellant was notified of her need to attend MicroPact meetings in March 2014. ID at 12-13. Accordingly, the appellant's argument provides us with no reason to disturb the administrative judge's finding that she inexcusably missed the October 2014 MicroPact meeting. *Id*.

¶5      The appellant also argues that the administrative judge erred when she found that the appellant absented herself without approval from a November 4, 2014 MicroPact meeting. PFR File, Tab 3 at 9-10. The appellant contends that her supervisor gave her approval to leave for 1 hour to go vote. *Id*. at 9-10. Assuming arguendo that the appellant is correct, the administrative judge also found that the appellant did not explain why she could not have voted at some other time during the day such that she would not miss the meeting. ID at 14. Accordingly, the appellant's argument provides us with no reason to disturb the administrative judge's finding that she inexcusably missed the November 2014 MicroPact meeting. *Id*.

¶6      Furthermore, the appellant bases her arguments regarding her absence from the MicroPact meetings noted above on evidence not submitted into the record before it closed. PFR File, Tab 3 at 5-6, 8-10, 32-33. The Board generally will only consider new and material evidence upon a showing that, despite the petitioner's due diligence, the evidence was not available when the record closed. 5 C.F.R. § 1201.115(d). The appellant contends that her "system access was terminated during her suspension" and that, after she regained access, "she experienced intermittent software issues rendering her unable to locate and retrieve certain emails and files until after the record had closed." PFR File,

Tab 3 at 5. Because there is no indication that the appellant could not have retrieved the documents using the Board's discovery procedures, we find that she has failed to show that the evidence previously was unavailable despite her due diligence. *See Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 6 (2014). Accordingly, we need not consider the evidence on review.

¶7    The appellant similarly asks the Board to reverse the administrative judge's finding that the appellant's assertion that she could not have used certain databases to complete an assignment was unpersuasive. PFR File, Tab 3 at 10-11. Notably, in her reply to the proposal notice and in her prehearing submission, she stated that she used one of the databases to complete the assignment. IAF, Tab 5 at 21, Tab 24 at 8. Regardless of the contradictory nature of the appellant's positions, however, it is apparent that she never raised this argument below. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 18 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018). Because the appellant made no such showing regarding this argument, we will not consider it for the first time on review.

The appellant failed to demonstrate that the administrative judge incorrectly applied the law to the facts of her case.

¶8    The appellant argues that the administrative judge erred in finding that she failed to prove her claim of retaliation for filing equal employment opportunity (EEO) complaints of discrimination because, as the administrative judge noted, her second-level supervisor, who was also the proposing official, stated "that the appellant could file as many EEO complaints as she wanted, but that it would only hurt her." PFR File, Tab 3 at 13; ID at 17. In the decision letter, the deciding official intimated that the proposing official's intent was to communicate to the appellant that, regardless of how many complaints she filed, she still was required to follow her supervisors' directions and conscientiously

perform her duties, or else further adverse actions would be taken against her. IAF, Tab 5 at 14-15. The proposing official averred in an affidavit that she did not take any action against the appellant for any discriminatory or retaliatory reason. IAF, Tab 30 at 167. The administrative judge concluded that, in the absence of virtually any other evidence indicating that the appellant was retaliated against, the proposing official's somewhat ambiguous statement was insufficient to prove that retaliation was a factor in the agency's decision to suspend her. ID at 17-18.

¶9 The administrative judge's decision was issued before the Board issued its decision in *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), which clarified that, in analyzing claims of discrimination or retaliation under 42 U.S.C. § 2000e-16, administrative judges need not separate "direct" from "indirect" evidence and apply different legal standards to each, nor must they require appellants to demonstrate a "convincing mosaic" to prove their claims. *Gardner*, 123 M.S.P.R. 647, ¶ 30, *clarified by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-24. Instead, administrative judges should consider the evidence as a whole to determine whether an appellant has shown by preponderant evidence[2] that the prohibited consideration was a motivating factor in the contested personnel action. *Id*., ¶¶ 30-31. Here, although the administrative judge discussed the distinction between direct and indirect evidence, she did not apply different legal standards to each or require the appellant to demonstrate a convincing mosaic to prove her claim. ID at 17-18.

¶10 The decision letter provided the appellant with notice of the agency's position as to the proposing official's statement. IAF, Tab 5 at 14-15. Had the appellant wanted to, she could have questioned the proposing official under oath

[2] The Board's regulations define preponderant evidence as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

in a deposition or at a hearing before the administrative judge. 5 C.F.R. § 1201.33(a). Instead, the appellant merely expressed her own belief about the proposing official's intent. IAF, Tab 31 at 9. Considering the record as a whole, we agree that the appellant failed to prove by preponderant evidence that her protected activities motivated the agency's decision to suspend her.[3] *See Gardner*, 123 M.S.P.R. 647, ¶¶ 31-32.

The appellant failed to provide any basis for disturbing the administrative judge's conclusion that the penalty imposed was reasonable.

¶11 The appellant argues that her 15-day suspension was unreasonable because the proposing official suffered no penalty for threatening to cause her harm for filing EEO complaints. PFR File, Tab 3 at 14-15. Because the appellant failed to raise this argument below, we will not consider it on review. *See Holton*, 123 M.S.P.R. 688, ¶ 18.

¶12 The appellant also objects to the administrative judge's citation to a letter of reprimand she had received, on the basis that, as of the filing of her petition for review, it was going to be expunged within a month. PFR File, Tab 3 at 15-16. Agencies may rely on past discipline in effecting an action for later misconduct so long as the agency's ability to cite to the past action has not expired before the appellant engaged in the later misconduct. *Spearman v. U.S. Postal Service*, 44 M.S.P.R. 135, 140 (1990). Accordingly, the appellant's allegation provides no basis for disturbing the initial decision, given that, by her own admission, her prior discipline had not yet expired. The appellant has not demonstrated any other basis for disturbing the administrative judge's finding that the imposed penalty was reasonable, and we therefore decline to do so.

---

[3] Because the appellant here failed to prove her initial burden that a prohibited factor played any part in the agency's decision, we do not reach the question of whether retaliation was a but-for cause of that decision. *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 30.

**The appellant failed to establish that the administrative judge improperly pressured her into withdrawing her request for a hearing.**

¶13     The appellant alleges that she "felt pressured" by the administrative judge to withdraw her request for a hearing. PFR File, Tab 3 at 4. She later clarified her allegation by stating that the administrative judge told the parties during a prehearing conference that she did not understand why the appellant was requesting a hearing. PFR File, Tab 6 at 7. The appellant alleges that the administrative judge's comment made it seem like the hearing was pointless because the outcome was predetermined. *Id*. First, we note that, because the appellant failed to raise any such objection below, we need not consider her allegation on review. *See Rivoire v. U.S. Postal Service*, 103 M.S.P.R. 643, ¶ 11 (2006), *aff'd*, 244 F. App'x 351 (Fed. Cir. 2007). Second, we note that unsworn allegations generally are insufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000). Finally, we find that the appellant's allegations, even if true, do not demonstrate any improper actions by the administrative judge.

¶14     For the reasons set forth above, we deny the appellant's petition for review and affirm the initial decision sustaining her suspension.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.